**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HAN KIM, *et al.*,

               *Plaintiffs*,

     v.

RAILGUN DAO,

              *Defendant*.

Civil Action No. 26-179 (SLS)

Judge Sparkle L. Sooknanan

## <u>ORDER</u>

On January 29, 2026, the Plaintiffs filed a Motion for Alternative Service on Defendant Railgun DAO. ECF No. 4. For the reasons explained below, the Court **GRANTS** that motion.

Federal Rule of Civil Procedure 4(h) provides that corporations, partnerships, or associations may be served outside the United States in any manner prescribed by Rule 4(f). Rule 4(f), in turn, identifies three methods of effecting service outside the United States, including service as authorized by a court "by other means not prohibited by international agreement," *id.* 4(f)(3), so long as the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Here, the Plaintiffs seek authorization to serve the Defendant Railgun DAO, which they assert is a "decentralized autonomous organization" that cannot be served by standard means. Mot. 1, ECF No. 4. According to the Plaintiffs, Railgun's website does not "publicly identify any officers, managing agents, or general agents." Mot. 5. Nor does it identify "any address where service could be made." Mot. 7. The website further states that "[t]here is no RAILGUN company" but that Railgun is instead a "system of smart contracts supported by fully-decentralized

RAILGUN DAO governance." Mot. 5. Nonetheless, the Plaintiffs allege that Railgun was founded in London in 2021, and they have identified Railgun's founders as cryptographers Emmanuel Goldstein (possibly a pseudonym), Kieren (Kai) Mesquita, Alan Scott, and Andrey Kravchenko. Mot. 5.

In support of the motion for alternative service, counsel for the Plaintiffs represents that he has conducted a diligent investigation to determine whether Railgun has a physical address at which it can be served. Suppl. Gerstein Decl. 1-3, ECF No. 6. This included reviewing the Railgun website, reviewing other sources providing information about start-up companies and their founders, and searching the United Kingdom's Companies House database which "lists registration information of entities formed under UK law." *Id.* Through this search, counsel could not identify "a physical headquarters" for Railgun "at which it can receive traditional service of process." *Id.* at 3. Counsel for the Plaintiffs also represents that he has conducted a diligent investigation to attempt to find physical addresses for Railgun's founders, even though the founders are not Defendants in this action and "are not necessarily partners in Railgun DAO." *Id.* Counsel has identified potentially reliable mailing addresses for two of the founders (Kravchenko and Scott) and social media accounts for three of the founders (Kravchenko, Mesquita, and Scott). *Id.* at 4–5. Counsel has also identified a lawyer named Edward P. Fricker who was described in Forbes magazine as having "advised on [a] deal [with a venture firm] on behalf of Railgun." Mot. 5 (alterations in original). Counsel has identified an email address and post office box in Australia that appear to be reliably associated with Mr. Fricker. Gerstein Decl. 2, ECF No. 4-1. Finally, counsel has identified a social media account on *X* (@RAILGUN_Project) that appears to be credibly associated with Railgun. Gerstein Decl. 1.

In light of these representations, the Plaintiffs have requested the Court's authorization to serve Railgun via email and certified mail to Mr. Fricker, and via certified mail and social media (specifically, direct messages on *X* and LinkedIn) to the Railgun founders for whom the Plaintiffs have found seemingly reliable contact information. The Court concludes that the Plaintiffs have exercised reasonable diligence in attempting to discover Railgun's address and to identify means by which it can be effectively served. The Court further finds that, under the circumstances, the Plaintiffs' requested methods of service do not run afoul of international law and are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Indeed, multiple other courts have authorized alternative service by similar methods to those requested by the Plaintiffs in similar circumstances. *See, e.g.*, *Nguyen v. Chase*, No. 8:24-CV-1566-KKM-TGW, 2024 WL 5169897, at *1 (M.D. Fla. Dec. 19, 2024) (authorizing service via the social media messaging application Telegram, finding no indication that such service "is prohibited by international agreement," and collecting cases reaching similar conclusions); *Samuels v. Lido DAO*, No. 23-CV-06492-VC, 2024 WL 4231598, at *1 (N.D. Cal. June 27, 2024) (finding service sufficient where plaintiffs (1) mailed complaint and summons to address associated with entity that ran DAO's user interface; (2) sent the complaint and summons to the DAO's general counsel via email and social media; and (3) posted the complaint and summons on the DAO's "Governance Forum"); *Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-cv-05416-WHO, 2022 WL 17822445, at *11-12 (N.D. Cal. Dec. 20, 2022) (finding alternative electronic service sufficient when plaintiffs posted in DAO's "Chat Box and online Discussion Forum").

For all the above reasons, the Court **GRANTS** the Plaintiff's Motion for Alternative Service, ECF No. 4, and orders the following. The Clerk is directed to issue a summons to the

Defendant Railgun DAO. The Plaintiffs are **ORDERED** to serve a copy of this order alongside that summons by emailing these documents to mail@edwardfricker.com; sending them by certified mail to Edward Fricker, Andrey Kravchenko, and Alan Scott; sending them via *X* to Kieren Mesquita, Alan Scott, and @RAILGUN_Project; and sending them via LinkedIn direct message to Andrey Kravchenko.

      **SO ORDERED.**

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   February 9, 2026