**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| HAN KIM, YONG KIM, YONG HWA CHUNG KIM, CHUNG KOOK KIM, DANI BUTLER, BRIAN ERDSTEIN, KARENE ERDSTEIN, MAYAN ERDSTEIN, CHAIM KAPLAN, RIVKA KAPLAN, REUVEN KAPLAN, THEODORE GREENBERG, MAUREEN GREENBERG, JARED SAUTER, DVORA KASZEMACHER, CHAYA ALKAREIF, CHAYIM KUMER; LAURIE RAPPEPORT, MARGALIT RAPPEPORT, AVISHAI REUVANE, and ELISHEVA ARON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 26-CV-179  JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| RAILGUN DAO, | ) ) |  |
| Defendant. | ) ) ) |  |

**SUPPLEMENTAL AFFIDAVIT OF SERVICE**

1.      My name is Charles Gerstein. I am counsel for the Plaintiffs in this case. I am over 18 years old. I make this declaration at the Court's request following its denial of a request for entry of default. *See* Minute Order of March 24, 2026.

2.      The Court's Order stated that my prior "Return of Service/Affidavit does not sufficiently provide proof of service. It does not provide any supporting documentation showing that the approved service methods were used or that they were effective."

3.      In that affidavit, I averred that I effected service consistent with my understanding of the Court's order and Federal Rules of Civil Procedure 5(b)(2)(C) and (E). Those rules provide that where electronic service through non-ECF means is authorized, "service is complete upon . . . sending, but is not effective if the . . . sender learns that it did not reach the person to be served," and that when service by mail is permissible, "service is complete upon mailing." Because this Court's order did not depart from those rules other than by authorizing specific means of service, it was my understanding that service was effective upon my sending a given electronic message or mailing a given letter, so long as I did not learn that the electronic transmission did not reach the person to be served. I did not understand that proof beyond my sworn statement that I had sent the messages or mailed the letters was necessary.

4.      I now understand that the Court requires additional information about, among other things, how I complied with the Court's order to effect various methods

1

of service and what I learned after using these methods of service. That information is described in detail here, with supporting evidence in the attached exhibits.

5. On February 11, 2026, I emailed a copy of the summons (ECF No. 9), Complaint (ECF No. 1), and this Court's order (ECF No. 7) to mail@edwardfricker.com.

6. The same day, I created a publicly accessible link using Microsoft OneDrive and uploaded the same documents so that they are easily viewed and downloaded using that link.

7. I then sent a message on that same day containing that link to the *X* accounts associated with Kieren Mesquita, Alan Scott, and Railgun DAO. The message I sent to Railgun DAO and Alan Scott was a reply to their most recent messages. To my understanding, this means that my message was viewable to everyone who follows Scott and Railgun DAO on *X*.

8. On February 12, 2026, I sent a copy of the summons and this Court's order via international priority mail (delivery receipt requested) to the post office box in Australia that Edward Fricker listed as his address with the New York Bar.

9. The same day, I sent a message containing the OneDrive link I created to Andrey Kravchenko via LinkedIn.

10. The same day, I sent a copy of the summons and this Court's order via international priority mail (delivery receipt requested) to both addresses associated with Andrey Kravchenko, one in London and one in Oxford.

11. The same day, I sent a copy of the summons and this Court's order via priority mail, delivery receipt requested, to the address associated with Alan Scott.

12. On March 24, 2026, I reviewed the February 11 email that I sent to mail@edwardfricker.com. I received no indication, such as an email bounceback or error message, suggesting that the email was not delivered.

13. On March 24, 2026, in an abundance of caution and to ensure that this Court's order is as fully implemented as possible, I sent another email containing the same text as my February 11 email. I attach PDF copies of these emails as Exhibit A to this affidavit. As of that date of this Declaration, I have not received any indication that either email was not delivered.

14. On March 24, 2026, I reviewed the original message I sent to Kieran Mesquita on *X*. Since I sent the original message on February 11, I have not learned that my message has not reached Mesquita. I attach screenshots of these messages as an Exhibits B and C to this affidavit. I believe, but am not sure, that the check marks indicate that the message was sent to Mesquita's account but not read.

15. On March 24, 2026, I reviewed the messages I sent as replies to @RAILGUN_Project and to @tsu_kareta. This Court's order authorizing service directed that Plaintiffs effect service of the summons and complaint by "sending them via *X* to Kieren Mesquita, Alan Scott, and @RAILGUN_Project." I attach a screenshot of my reply messages as Exhibit D to this affidavit. These screenshots show that my replies to @RAILGUN_Project and @tsu_kareta were viewed five and twenty-five times respectively. *Id.*

3

16.    I did not understand this Court's order authorizing alternative service to require direct messages to either *X* address. In response to this Court's recent minute order explaining that "[t]he Court's Order [authorizing alternative service] did not contemplate service by public posting and there is no explanation for why service could not be effectuated on X via direct message," I aver that direct messages were not available on February 11 and are not available currently. Direct messages to these addresses were not available to me on February 11 because neither account follows my *X* account, and it appears to me that those accounts permit direct messaging only from accounts they follow.

17.    More recently, on March 24, 2026, I again attempted to send direct messages to @RAILGUN_project and @tsu_kareta. In the service of doing so, I signed up for an *X* Premium account, which I thought might lift the limitation to my direct messaging these accounts. Still, I am unable to direct message these two accounts. I attach as Exhibits E and F screenshots showing that I am unable to message these accounts directly.

18.    On March 24, 2026, in response to this Court's minute order stating that "[t]here is no documentation showing that . . . the documents were uploaded to Microsoft OneDrive . . . ," I reviewed the OneDrive link I created to send documents. This Court can verify that the documents I averred to be available in my original affidavit are in fact available there (and were on the relevant dates) by visiting:

https://gersteinharrow-my.sharepoint.com/:f:/g/personal/jason_gerstein-harrow_com1/IgCldKf41eA7TYRNluqcTTJWAUpZliQiXD333fDf_HH7biU.

19.    This Court's minute order also noted that "[t]here is no documentation showing that . . . the documents [uploaded to OneDrive] were . . . accessed." Accordingly, on March 24, 2026, I checked to see if I could determine if anyone had downloaded the documents. Although I have confirmed that the documents remain publicly accessible, I have also confirmed by doing additional testing that OneDrive does not tell me whether anyone has accessed the link nor whether anyone has downloaded any file from the link. Specifically, I used an instance of a browser not connected to my OneDrive account to access the documents, downloaded them, and then returned to my OneDrive account to find no evidence of a download. I thus believe that OneDrive would not reveal whether anyone has downloaded the documents.

20.    This Court's February 9, 2026 order authorizing alternative service on Defendant Railgun DAO ordered, at Plaintiffs' request, that Plaintiffs effect service by "certified mail" to Edward Fricker, Andrey Kravchenko (at two addresses), and Alan Scott. ECF No. 7. I have now learned that "Certified mail," as that brand name is used by the U.S. Postal Service, is not available internationally. *See* UNITED STATES POSTAL SERVICE, CERTIFIED MAIL, https://faq.usps.com/s/article/Certified-Mail-The-Basics (last accessed March 24, 1:36 pm). Instead, Certified Mail is a service available for mail sent by either Priority Mail or First-Class Mail domestically. *Id.* I intended by using the term "certified mail" for this Court to authorize service by a means of postage by which receipt is certified, not to authorize only "Certified Mail" as that

brand name is used by USPS. To the extent my request was confusing, I apologize for the inconvenience to the Court.

21.     Accordingly, I sent copies of the service documents via International Priority Mail with certification of delivery requested, which I believe to be the best way to effect service by what might be colloquially called "certified mail" (lowercase) to an international address. Under the Federal Rules, where a paper is served by "mailing it to the person's last known address," "service is complete upon mailing," Fed. R. Civ. P. 5(b). It was my understanding that service was complete upon mailing, and so I did not attach proof of delivery to my original affidavit. I now attach proof of delivery of those letters as Exhibits G, H, and I to this Affidavit.

22.     Further, out of an abundance of caution, on March 24, 2026, a member of my firm caused the service documents to be mailed to Edward Fricker and Andrey Kravchenko (at both of his addresses) by a method of mailing called Registered International Mail. I attach proof that these letters have been sent as Exhibit J to this Affidavit. I will file with the court proof of delivery if and when I receive it, although it is my understanding that service was, absent further order of this Court, complete upon sending. Fed. R. Civ. P. 5(b).

23.     The Court's order regarding alternative service directed Plaintiffs to send materials by mail to a person named Alan Scott although Plaintiffs acknowledged that this is a common name and we did not know whether the Alan Scott whose address we found is associated with Defendant. On February 18, 2026, a member of my firm received an email appearing to indicate that this attempt to reach

an Alan Scott had reached someone not connected with Defendant. In that email, which is attached as Exhibit K, Mr. Scott noted that he had received the letter I sent but that he had no knowledge of anything related to this suit at all. I am unaware of any additional means to locate the residential address of the person connected with Railgun DAO who is named Alan Scott. ECF No. 6 ¶ 13 ("I do not know whether this address is associated with the same Alan Scott that founded Railgun DAO.").

24.    On March 24, 2026, I reviewed the LinkedIn message that I sent to Andrey Kravchenko on February 12, 2026. I have received no indication that the message was not delivered. Instead, I attach as Exhibit L a screenshot showing that my message to Kravchenko is pending. The full message I sent is not visible, because my understanding is that I cannot see a record of the message I sent to him alongside my invitation to connect with him unless and until he accepts that invitation. I again aver that the message I sent to him contained the OneDrive link I created and a message reading containing substantially the same text that I sent to Scott, Mesquita, and Railgun DAO via *X*.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 25, 2026

/s/ *Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
1629 Columbia Road NW, Suite 302
Washington, DC 20004
charlie@gerstein-harrow.com

(202) 670-4809

8