# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HAN KIM, YONG KIM, YONG HWA CHUNG KIM, CHUNG KOOK KIM, DANI BUTLER, BRIAN ERDSTEIN, KARENE ERDSTEIN, MAYAN ERDSTEIN, CHAIM KAPLAN, RIVKA KAPLAN, REUVEN KAPLAN, THEODORE GREENBERG, MAUREEN GREENBERG, JARED SAUTER, DVORA KASZEMACHER, CHAYA ALKAREIF, CHAYIM KUMER; LAURIE RAPPEPORT, MARGALIT RAPPEPORT, AVISHAI REUVANE, and ELISHEVA ARON,<br><br>Plaintiffs,<br><br>v.<br><br>RAILGUN DAO,<br><br>Defendant. | Case No. 26-CV-179<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] SURREPLY IN RESPONSE TO MOTION TO QUASH SERVICE**

Digital Currency Group, Incorporated, which is not a party to this action, and which contends that it "nothing to do with" this case, ECF No. 20 at 1, nonetheless contends that, under precedent in the District of New Jersey, Plaintiffs' "amended complaint should negate the entry of default because it was based on the original complaint," *id.* at 6 n.4 (citing *Auto. Rentals, Inc. v. Bama Com. Leasing LLC*, 2018 WL 3159852, at *1 n.2 (D.N.J. Mar. 9, 2018)). But "[w]hen an amended complaint simply restructures the pleading or adds context to the facts alleged, service on a defaulting party is not required under Rule 5(a)(2)." *De Jesus Portillo v. Smith Commons DC, LLC*, Civil Action No. 20-49-RC, 2021 U.S. Dist. LEXIS 143384, at *7 (D.D.C. Aug. 2, 2021) (citing and quoting *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) (service not necessary where amended complaint simply put defendants on notice that plaintiffs' claims were grounded in state law); *Maalouf v. Islamic Republic of Iran*, No. 16-cv-0280, 514 F. Supp. 3d 280, 2021 U.S. Dist. LEXIS 11703, 2021 WL 230134, at *4 (D.D.C. Jan. 22, 2021) (no service required where amended complaint rephrased facts alleged elsewhere in the complaint, grounded causes of action in D.C. law, and incorporated discussions of prior court decisions)). Here, Plaintiffs' amended complaint did no more than "add context," *id.*, to the facts—namely context regarding the ETH value of the assets involved and the transactions used to launder them—and to *remove* a claim against Railgun DAO, *see* Ex. A (redline comparing original to amended complaint). Additional service on Railgun DAO is, therefore, unnecessary. *De Jesus Portillo*, 2021 U.S. Dist. Lexis 143384, at *7.

1

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
1629 Columbia Road NW, Suite 302
Washington, DC 20004
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Robert Tolchin*
Robert Tolchin
THE BERKMAN LAW OFFICE LLC
829 E. 15th Street, Suite Seven
Brooklyn, New York 11230
rtolchin@berkmanlaw.com
(718) 855-3627

*Attorneys for Plaintiffs*

2