**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HAN KIM, *et al.*,<br>*Plaintiffs*,<br>v.<br>RAILGUN DAO,<br>*Defendant*. | Civil Action No. 26 - 179 (SLS)<br>Judge Sparkle L. Sooknanan |

# ORDER

Before the Court is the Plaintiffs' [17] Motion for Default Judgment, the Plaintiffs' [21] Motion for Leave to File Surreply, and the [14] Motion to Quash Service of Process filed by Digital Currency Group (DCG).

The Court **GRANTS** the Plaintiffs' [21] Motion for Leave to File Surreply and **DENIES** their [17] Motion for Default Judgment against Railgun DAO. After the Clerk of Court entered default on the Complaint, ECF No. 13, the Plaintiffs filed an Amended Complaint that, among other things, raised their treble-damages demand from $185,199,186 to $292,069,974. ECF No. 16 at 28; *see* ECF No. 21-2 at 28. Federal Rule of Civil Procedure 5(a)(2) excuses service on a party in default for failing to appear, except when "a pleading . . . asserts a new claim for relief against such a party[.]" "When an amended complaint simply restructures the pleading or adds context to the facts alleged, service on a defaulting party is not required under Rule 5(a)(2)." *Portillo v. Smith Commons DC, LLC*, No. 20-cv-49, 2021 WL 3287741, at *3 (D.D.C. Aug. 2, 2021). But "when new parties, claims, or substantive factual changes are added to an amended complaint," service of the amended complaint is required. *Id. Cf. Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) (holding that service was not required when plaintiff's "amended

complaint did not substantially change the allegations in the original complaint and did not add new defendants"). In their surreply, the Plaintiffs contend that they need not serve the Amended Complaint on Railgun DAO because it "did no more than 'add context.'" ECF No. 21-1 at 1 (cleaned up). The Court disagrees. An increase of more than $100 million in the damages demand does not merely add context. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *Portillo*, 2021 WL 3287741, at 4 (denying motion for default judgment and requiring service of an amended complaint in part because it raised the damages demand by $63,000). Until the Plaintiffs serve the operative Amended Complaint on the Defendant, the Court may not consider a request for default judgment. *See* Fed. R. Civ. P. 55(a).

With respect to service of the Amended Complaint, the Court's prior Order regarding alternative service, ECF No. 7, does **not** remain in effect. If the Plaintiffs once again seek to serve Railgun DAO through alternative means, they must file another motion. The Court notes that although the Plaintiffs previously represented that alternative service was "appropriate" because "DAOs cannot be served using the procedures for general partnerships or unincorporated associations because they lack a physical headquarters and their officers and directors are pseudonymous," ECF No. 4 at 2, 6, that seems at odds with the Plaintiffs' position that DCG, a corporation based in Stamford, Connecticut, is a general partner of Railgun DAO. *See* ECF No. 18 at 4; Am. Compl. ¶¶ 63, 72, 108.

Next, in light of the Court's denial of the [17] Motion for Default Judgment against Railgun DAO, the Court **DENIES AS MOOT** DCG's [14] Motion to Quash Service of Process. But the Court is troubled by some of the Plaintiffs' litigation choices to date. The Plaintiffs allege that DCG is a general partner of Railgun DAO and that they intend to bring a later collection action

against DCG asserting that it is liable for any potential debts of Railgun DAO arising from this suit. ECF No. 18 at 2, 10. Yet rather than suing DCG, the Plaintiffs contend that DCG "should intervene to defend . . . or else take its chance." *Id.* at 8. But leaving it to a nonparty to intervene puts the onus on the wrong party. *Cf. Martin v. Wilks*, 490 U.S. 755, 763 (1989) ("[A] party seeking a judgment binding on another cannot obligate that person to intervene[.]"). To the extent that the Plaintiffs "service" of "notice" on DCG was an attempt to bind DCG in a later enforcement action and estop it from later contesting the merits of the claims, the Plaintiffs seem to want to adjudicate the merits of such claims in a nonadversarial posture before this Court. A default judgment is disfavored and "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970); *see also Koudoukara v. Embassy of Mali*, No. 24-cv-1900, 2026 WL 1587293, at 2 (D.D.C. June 3, 2026) ("[A]n entry of default judgment is not automatic, and it is not a decision that courts make lightly."). If the Plaintiffs believe that they are entitled to damages from DCG on the claims alleged here, they remain free to seek leave to amend their complaint to add DCG as a defendant or to bring a separate lawsuit against DCG. *See* Fed. R. Civ. P. 15(a), (2), 20(a)(2). The Court will closely scrutinize litigation tactics that are not aboveboard.

**SO ORDERED.**

SPARKLE L. SOOKNANAN
United States District Judge

Date: November 19, 2026